# EXHIBIT M

Skadden, Arps - New York



3 1948 00451689 7

2017–2018



**FINANCIAL
ACCOUNTING
STANDARDS BOARD®**

# Accounting Standards CODIFICATION

## Volume 1

List of Codified Topics, About the Codification,
General Principles, Presentation, Assets, Liabilities

as of October 31, 2017

# 2017–2018



SKADDEN
Research & Knowledge Services

SEP 1 4 2018

# ACCOUNTING STANDARDS
# CODIFICATION

## VOLUME 1

List of Codified Topics, About the Codification,
General Principles, Presentation, Assets, Liabilities

as of October 31, 2017

## Financial Accounting Standards Board
401 Merritt 7 · PO Box 5116 · Norwalk · Connecticut · 06856-5116

Research & Information Services

KF
1357
.A222
2017/18
v.1

Copyright © 2018 by Financial Accounting Foundation. All rights reserved. Content copyrighted by Financial Accounting Foundation may not be reproduced, stored in a retrieval system, or transmitted, in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the Financial Accounting Foundation. Financial Accounting Foundation claims no copyright in any portion hereof that constitutes a work of the United States Government.

*Investments—Equity Method and Joint*     *323-10-15*
*Ventures*

## 323-10-15  Scope and Scope Exceptions

## General

> **Overall Guidance**

**15-1** The Scope Section of the Overall Subtopic establishes the pervasive scope for all Subtopics of the Investments—Equity Method and Joint Ventures Topic. Unless explicitly addressed within specific Subtopics, the following scope guidance applies to all Subtopics of the Investments—Equity Method and Joint Ventures Topic.

> **Entities**

**15-2** The guidance in the Investments—Equity Method and Joint Ventures Topic applies to all entities.

> **Instruments**

**15-3** The guidance in the Investments—Equity Method and Joint Ventures Topic applies to investments in **common stock** or **in-substance common stock** (or both common stock and in-substance common stock), including investments in common stock of **corporate joint ventures** (see paragraphs 323-10-15-13 through 15-19 for guidance on identifying in-substance common stock). Subsequent references in this Subtopic to common stock refer to both common stock and in-substance common stock that give the **investor** the ability to exercise **significant influence** (see paragraph 323-10-15-6) over operating and financial policies of an **investee** even though the investor holds 50% or less of the common stock or in-substance common stock (or both common stock and in-substance common stock).

**15-4**  The guidance in this Topic does not apply to any of the following:

a.   An investment accounted for in accordance with Subtopic 815-10
b.   An investment in common stock held by a nonbusiness entity, such as an estate, trust, or individual
   1. Subparagraph superseded by Accounting Standards Update No. 2012-04.
   2. Subparagraph superseded by Accounting Standards Update No. 2012-04.
   3. Subparagraph superseded by Accounting Standards Update No. 2012-04.
c.   An investment in common stock within the scope of Topic 810
d.   Except as discussed in paragraph 946-323-45-2, an investment held by an investment company within the scope of Topic 946.

*Assets*

*Assets*

**15-5** The guidance in the Overall Subtopic does not apply to any of the following:

   a.  An investment in a partnership or unincorporated joint venture (also called an undivided interest in ventures), see Subtopic 323-30

   b.  An investment in a limited liability company that maintains specific owner-ship accounts for each investor as discussed in Subtopic 272-10.

> **Other Considerations**

> > **Significant Influence**

**15-6** Ability to exercise significant influence over operating and financial policies of an investee may be indicated in several ways, including the following:

   a.  Representation on the board of directors
   b.  Participation in policy-making processes
   c.  Material intra-entity transactions
   d.  Interchange of managerial personnel
   e.  Technological dependency
   f.  Extent of ownership by an investor in relation to the concentration of other shareholdings (but substantial or majority ownership of the voting stock of an investee by another investor does not necessarily preclude the ability to exercise significant influence by the investor).

**15-7** Determining the ability of an investor to exercise significant influence is not always clear and applying judgment is necessary to assess the status of each investment.

**15-8** An investment (direct or indirect) of 20 percent or more of the voting stock of an investee shall lead to a presumption that in the absence of predominant evidence to the contrary an investor has the ability to exercise significant influence over an investee. Conversely, an investment of less than 20 percent of the voting stock of an investee shall lead to a presumption that an investor does not have the ability to exercise significant influence unless such ability can be demonstrated. The equity method shall not be applied to the investments described in this paragraph insofar as the limitations on the use of the equity method outlined in paragraph 323-10-25-2 would apply to investments other than those in **subsidiaries**.

**15-9** An investor's voting stock interest in an investee shall be based on those currently outstanding securities whose holders have present voting privileges. Potential voting privileges that may become available to holders of securities of an investee shall be disregarded.

**15-10** Evidence that an investor owning 20 percent or more of the voting stock of an investee may be unable to exercise significant influence over the investee's operating and financial policies requires an evaluation of all the facts and circumstances

*Investments—Equity Method and Joint*      *323-10-15*
*Ventures*

relating to the investment. The presumption that the investor has the ability to exercise significant influence over the investee's operating and financial policies stands until overcome by predominant evidence to the contrary. Indicators that an investor may be unable to exercise significant influence over the operating and financial policies of an investee include the following:

a.  Opposition by the investee, such as litigation or complaints to governmental regulatory authorities, challenges the investor's ability to exercise significant influence.

b.  The investor and investee sign an agreement (such as a **standstill agreement**) under which the investor surrenders significant rights as a shareholder. (Under a standstill agreement, the investor usually agrees not to increase its current holdings. Those agreements are commonly used to compromise disputes if an investee is fighting against a takeover attempt or an increase in an investor's percentage ownership. Depending on their provisions, the agreements may modify an investor's rights or may increase certain rights and restrict others compared with the situation of an investor without such an agreement.)

c.  Majority ownership of the investee is concentrated among a small group of shareholders who operate the investee without regard to the views of the investor.

d.  The investor needs or wants more financial information to apply the equity method than is available to the investee's other shareholders (for example, the investor wants quarterly financial information from an investee that publicly reports only annually), tries to obtain that information, and fails.

e.  The investor tries and fails to obtain representation on the investee's board of directors.

**15-11**  The list in the preceding paragraph is illustrative and is not all-inclusive. None of the individual circumstances is necessarily conclusive that the investor is unable to exercise significant influence over the investee's operating and financial policies. However, if any of these or similar circumstances exists, an investor with ownership of 20 percent or more shall evaluate all facts and circumstances relating to the investment to reach a judgment about whether the presumption that the investor has the ability to exercise significant influence over the investee's operating and financial policies is overcome. It may be necessary to evaluate the facts and circumstances for a period of time before reaching a judgment.

> > **Changes in Level of Ownership or Degree of Influence**

**15-12**  An investment in common stock of an investee that was previously accounted for on other than the equity method may become qualified for use of the equity method in accordance with paragraph 323-10-15-3 by an increase in the level

*Assets*

*459*

of ownership described in that paragraph (that is, acquisition of additional voting stock by the investor, acquisition or retirement of voting stock by the investee, or other transactions). See paragraph 323-10-35-33 for guidance on all changes in an investor's level of ownership or degree of influence.

### > > In-Substance Common Stock

**15-13**  For purposes of this Topic, in-substance common stock is an investment in an entity that has risk and reward characteristics that are substantially similar to that entity's common stock. An investor shall consider all of the following characteristics when determining whether an investment in an entity is substantially similar to an investment in that entity's common stock:

  a.  Subordination. An investor shall determine whether the investment has subordination characteristics that are substantially similar to that entity's common stock. If an investment has a substantive liquidation preference over common stock, it is not substantially similar to the common stock. However, certain liquidation preferences are not substantive. An investor shall determine whether a liquidation preference is substantive. For example, if the investment has a stated liquidation preference that is not significant in relation to the purchase price of the investment, the liquidation preference is not substantive. Further, a stated liquidation preference is not substantive if the investee has little or no subordinated equity (for example, common stock) from a fair value perspective. A liquidation preference in an investee that has little or no subordinated equity from a fair value perspective is nonsubstantive because, in the event of liquidation, the investment will participate in substantially all of the investee's losses.

  b.  Risks and rewards of ownership. An investor shall determine whether the investment has risks and rewards of ownership that are substantially similar to an investment in that entity's common stock. If an investment is not expected to participate in the earnings (and losses) and capital appreciation (and depreciation) in a manner that is substantially similar to common stock, the investment is not substantially similar to common stock. If the investee pays **dividends** on its common stock and the investment participates currently in those dividends in a manner that is substantially similar to common stock, then that is an indicator that the investment is substantially similar to common stock. Likewise, if the investor has the ability to convert the investment into that entity's common stock without any significant restrictions or contingencies that prohibit the investor from participating in the capital appreciation of the investee in a manner that is substantially similar to that entity's common stock, the conversion feature is an indicator that the investment is substantially similar to the common stock. The right to convert

certain investments to common stock (such as the exercise of deep-in-the-money warrants) enables the interest to participate in the investee's earnings (and losses) and capital appreciation (and depreciation) on a substantially similar basis to common stock.

c. Obligation to transfer value. An investment is not substantially similar to common stock if the investee is expected to transfer substantive value to the investor and the common shareholders do not participate in a similar manner. For example, if the investment has a substantive redemption provision (for example, a mandatory redemption provision or a non-fair-value put option) that is not available to common shareholders, the investment is not substantially similar to common stock. An obligation to transfer value at a specious future date, such as preferred stock with a mandatory redemption in 100 years, shall not be considered an obligation to transfer substantive value.

**15-14** If an investment's subordination characteristics and risks and rewards of ownership are substantially similar to the common stock of the investee and the investment does not require the investee to transfer substantive value to the investor in a manner in which the common shareholders do not participate similarly, then the investment is in-substance common stock. If the investor determines that any one of the characteristics in the preceding paragraph indicates that an investment in an entity is not substantially similar to an investment in that entity's common stock, the investment is not in-substance common stock. If an investee has more than one class of common stock, the investor shall perform the analysis described in the preceding paragraph and the following paragraph (if necessary) by comparing its investment to all classes of common stock.

**15-15** If the determination about whether the investment is substantially similar to common stock cannot be reached based solely on the evaluation under paragraph 323-10-15-13, the investor shall also analyze whether the future changes in the fair value of the investment are expected to vary directly with the changes in the fair value of the common stock. If the changes in the fair value of the investment are not expected to vary directly with the changes in the fair value of the common stock, then the investment is not in-substance common stock.

**15-16** The initial determination of whether an investment is substantially similar to common stock shall be made on the date on which the investor obtains the investment if the investor has the ability to exercise significant influence over the operating and financial policies of the investee. That determination shall be reconsidered if any of the following occur:

a. The contractual terms of the investment are changed resulting in a change to any of its characteristics described in paragraph 323-10-15-13 and the

preceding paragraph. An expected change in the contractual terms of an investment that are provided for in the original terms of the contractual agreement shall be considered for purposes of the initial determination under paragraph 323–10–15–13 and not as a reconsideration event. However, a change in the form of the investment (for example, debt to equity or preferred stock to another series of stock) is a reconsideration event.

b.    There is a significant change in the capital structure of the investee, including the investee's receipt of additional subordinated financing.

c.    The investor obtains an additional interest in an investment in which the investor has an existing interest. As a result, the method of accounting for the cumulative interest is based on the characteristics of the investment at the date at which the investor obtains the additional interest (that is, the characteristics that the investor evaluated to make its investment decision), and will result in the investor applying one method of accounting to the cumulative interest in an investment of the same issuance.

**15-17**  The determination of whether an investment is similar to common stock shall not be reconsidered solely due to losses of the investee.

**15-18**  If an investor obtains the ability to exercise significant influence over the operating and financial policies of an investee after the date the investor obtained the investment, the investor shall perform an initial determination, pursuant to paragraphs 323-10-15-13 and 323-10-15-15, using all relevant and necessary information that exists on the date that the investor obtains significant influence.

**15-19**  Example 1 (see paragraph 323-10-55-1) illustrates the application of the guidance in paragraphs 323-10-15-13 and 323-10-15-15.

---

# 323-10-20   Glossary

---

**Common Stock**

A stock that is subordinate to all other stock of the issuer. Also called common shares.

**Corporate Joint Venture**

A corporation owned and operated by a small group of entities (the joint venturers) as a separate and specific business or project for the mutual benefit of the members of the group. A government may also be a member of the group. The purpose of a corporate joint venture frequently is to share risks and rewards in developing a new market, product or technology; to combine complementary technological knowledge; or to pool resources in developing production or other facilities. A corporate joint venture also usually provides an arrangement under which each joint venturer may participate, directly or indirectly, in the overall management of the joint venture.