EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD RUPP and RODRIGO LEAL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG<br><br>    Defendants. | Case No.: 1:19-cv-04433-GBD<br><br><br><br>CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased the American Depositary Shares ("ADSs") of Momo Inc. ("Momo" or the "Company") during the period from April 20, 2015 through May 10, 2019, both dates inclusive ("Class Period"), you could get a payment from a class action settlement (the "Settlement") only if you purchased ADSs during the Class Period at a price greater than $27.93 per ADS.  ADSs purchased at a price less than $27.93 per ADS will not get a payment from the Settlement.

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

- If approved by the Court, the Settlement will provide five million dollars ($5,000,000) (the "Settlement Fund") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Momo ADSs during the Class Period.

- The Settlement represents an estimated average recovery of $0.057 per ADS for the approximately 88.5 million Momo ADSs outstanding during the Class Period. This is not an estimate of the actual recovery per ADS you should expect.  Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Momo ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed 1/3 (one-third) of the Settlement Fund ($1,666,666.67), reimbursement of no more than $65,000 in litigation expenses, and a total case contribution award to Plaintiffs not to exceed $15,000.  Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $0.02 per Momo ADS outstanding during the Class Period. If approved by the Court, these amounts will be paid from the Settlement Amount.

1

- The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $0.037 per Momo ADS outstanding during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Momo ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Defendants failed to disclose material related party transactions, and whether Defendants mispresented Momo's content moderation procedures and capabilities. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
| --- | --- |
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than _____. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than _____. This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____ about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____. You can still submit a Proof of Claim and Release. If the Court approves the Settlement, you will be bound by it. |

EXHIBIT A-1

| | |
|---|---|
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Momo Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: (866) 274-4004<br>Fax: (610) 565-7985<br>info@strategicclaims.net | **or** | Laurence Rosen, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>info@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated March 23, 2021 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**

   You or someone in your family may have purchased Momo ADSs during the period from April 20, 2015 through May 10, 2019, both dates inclusive.

2. **What is this lawsuit about?**

   The case is known as *Marchand v. Momo Inc., et al.,* 1:19-cv-04433-GBD (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

   The Action involves allegations that Defendants made materially false statements and omissions to the public. Specifically, the Complaint alleges that Defendants failed to disclose Momo's transactions with Beijing Mushang Culture Media Company Limited as related party transactions. The Complaint also alleges that Defendants misrepresented Momo's content moderation procedures and capabilities. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any

3

infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations or the average amount of damages per ADS, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether Defendants made any allegedly misleading statements or omissions; (2) whether Defendants acted knowingly or were grossly reckless in making the alleged misrepresentations; (3) whether the alleged disclosures corrected the alleged misrepresentations; (4) whether the alleged misrepresentations caused any loss in the value of Momo ADSs; and (4) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to show that Defendants made materially false statements or omitted to disclose material facts, that the alleged misstatements and omissions actually caused the Settlement Class any damages and the amount of damages, if any, and the financial condition of the Company.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect any of any judgment they are awarded.

**5.    How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities who purchased Momo ADSs from April 20, 2015 through May 10, 2019, both dates inclusive, subject to the exclusions in Question 6 below.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants; the present and former officers and directors of Momo at all relevant times; members of such excluded persons' immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any excluded person, has or had a majority ownership interest at any time.  You are also excluded from recovering any portion of the Settlement

Fund if you have a net profit in purchases and sales of Momo ADSs or otherwise suffered no compensable damages during the Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to Question 11.

**7.      I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.      What does the Settlement provide?**

**a.      What is the Settlement Fund?**

The proposed Settlement provides for Defendants and/or their insurers to pay five million dollars ($5,000,000) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notices and the costs of publishing notices. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Momo ADSs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and award to Plaintiffs.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Momo ADSs was artificially inflated during the Class Period, and that certain subsequent disclosures caused reductions in the inflated price of Momo ADSs. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

EXHIBIT A-1

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Momo.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

6

EXHIBIT A-1

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  Recognized Losses will be calculated as follows:

I)      For Momo ADSs purchased between April 20, 2015 and May 9, 2019, inclusive, the Recognized Loss shall be calculated as follows:

   A.  For ADSs retained at the end of trading on August 7, 2019, the Recognized Loss shall be the lesser of:
   - (i)      $3.62 per ADS; or
   - (ii)     the difference between the purchase price per ADS and $31.92 per ADS[1].

   B.  For ADSs sold on or before May 9, 2019,  the Recognized Loss per ADS shall be $0.

   C.  For ADSs sold between May 10, 2019 and August 7, 2019, inclusive, the Recognized Loss shall be the lesser of:
   - i)      $3.62 per ADS: or
   - ii)      the difference between the purchase price per ADS and the average closing price per ADS as of date of sale provided in table A below.

II)      For Momo ADSs purchased on May 10, 2019 the Recognized Loss per ADS shall be $0.

### Table A

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 4/3/2019 | $0.22 | $0.21 | | 5/17/2019 | $0.09 | $0.17 |
| 5/10/2019 | $28.97 | $28.97 | | 6/25/2019 | $33.31 | $29.87 |
| 5/13/2019 | $27.83 | $28.40 | | 6/26/2019 | $35.14 | $30.03 |
| 5/14/2019 | $28.81 | $28.54 | | 6/27/2019 | $36.00 | $30.20 |
| 5/15/2019 | $29.88 | $28.87 | | 6/28/2019 | $35.80 | $30.36 |
| 5/16/2019 | $29.61 | $29.02 | | 7/1/2019 | $36.73 | $30.54 |
| 5/17/2019 | $27.92 | $28.84 | | 7/2/2019 | $36.77 | $30.71 |
| 5/20/2019 | $27.37 | $28.63 | | 7/3/2019 | $35.24 | $30.83 |
| 5/21/2019 | $27.86 | $28.53 | | 7/5/2019 | $35.02 | $30.93 |

---

[1]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $.31.92 per ADS was the mean (average) daily closing trading price of the Company's common ADSs during the 90-day period beginning on May 10, 2019 and ending on August 7, 2019, inclusive.

| | | | | | |
|---|---|---|---|---|---|
| 5/22/2019 | $27.37 | $28.40 | 7/8/2019 | $34.38 | $31.02 |
| 5/23/2019 | $26.64 | $28.23 | 7/9/2019 | $34.58 | $31.11 |
| 5/24/2019 | $26.02 | $28.03 | 7/10/2019 | $34.69 | $31.19 |
| 5/28/2019 | $27.31 | $27.97 | 7/11/2019 | $34.28 | $31.26 |
| 5/29/2019 | $28.25 | $27.99 | 7/12/2019 | $34.44 | $31.34 |
| 5/30/2019 | $28.03 | $27.99 | 7/15/2019 | $34.39 | $31.40 |
| 5/31/2019 | $27.57 | $27.96 | 7/16/2019 | $33.69 | $31.45 |
| 6/3/2019 | $27.49 | $27.93 | 7/17/2019 | $32.30 | $31.47 |
| 6/4/2019 | $29.68 | $28.04 | 7/18/2019 | $33.45 | $31.51 |
| 6/5/2019 | $29.60 | $28.12 | 7/19/2019 | $35.06 | $31.59 |
| 6/6/2019 | $29.75 | $28.21 | 7/22/2019 | $34.57 | $31.65 |
| 6/7/2019 | $30.54 | $28.33 | 7/23/2019 | $35.97 | $31.73 |
| 6/10/2019 | $31.57 | $28.48 | 7/24/2019 | $35.67 | $31.81 |
| 6/11/2019 | $31.89 | $28.63 | 7/25/2019 | $35.76 | $31.88 |
| 6/12/2019 | $31.61 | $28.76 | 7/26/2019 | $34.80 | $31.93 |
| 6/13/2019 | $31.67 | $28.89 | 7/29/2019 | $34.38 | $31.98 |
| 6/14/2019 | $31.03 | $28.97 | 7/30/2019 | $34.47 | $32.02 |
| 6/17/2019 | $30.88 | $29.04 | 7/31/2019 | $33.97 | $32.06 |
| 6/18/2019 | $32.76 | $29.18 | 8/1/2019 | $31.74 | $32.05 |
| 6/19/2019 | $32.85 | $29.31 | 8/2/2019 | $31.01 | $32.03 |
| 6/20/2019 | $33.81 | $29.47 | 8/5/2019 | $29.31 | $31.99 |
| 6/21/2019 | $33.72 | $29.61 | 8/6/2019 | $29.59 | $31.95 |
| 6/24/2019 | $34.16 | $29.76 | 8/7/2019 | $29.78 | $31.92 |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in Momo ADSs during the Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Momo ADSs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss. **There is no Recognized Loss for any ADSs purchased during the Class Period at a price per ADS less than $27.93**.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Momo ADSs shall not be deemed a purchase, acquisition or sale of Momo ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded ADSs are eligible purchases

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your

purchases and acquisitions of Momo ADSs during the time period from April 20, 2015 through and including August 7, 2019.  There is no Recognized Loss for any ADSs purchased during the Class Period at a price per ADS less than $27.93.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form at www.strategicclaims.net/Momo. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Momo **by 11:59 p.m. EST on _____ __, 2021**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 2021**, to:

Momo Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____ ___, 2021 deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class

9

Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Momo ADSs during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale or ownership of Momo ADSs during the Settlement Class. The specific terms of the release are included in the Settlement Stipulation.

**11.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Defendants or other Released Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Marchand v. Momo Inc.,* 1:19-cv-04433-GBD (S.D.N.Y)" and (B) states the number of shares of publicly-traded Momo ADSs that you (i) owned as of the opening of trading on April 20, 2015 and (ii) purchased and/or sold during the Class Period (*i.e.*, from April 20, 2015 through May 10, 2019, inclusive), as well as the dates, number of ADSs, and prices of each such purchase and sale. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Momo ADSs during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Momo ADS. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than _____ __, 2021**, to the Claims Administrator at the following address:

Momo Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**

No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.     Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

**14.     How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third ($1,666,666.67) of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $65,000, and an award to Plaintiffs not to exceed $15,000 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.     How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Marchand v. Momo Inc., et al.,* 1:19-cv-04433-GBD (S.D.N.Y). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Momo ADSs during the Class Period; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission

EXHIBIT A-1

of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than _____ __, 2021**:

| | | |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl St<br>New York, NY 10007 | Laurence Rosen, Esq.<br>The Rosen Law Firm, P.A.<br>275 Madison Ave<br>40th Floor<br>New York, NY 10016<br><br>***Lead Counsel*** | Robert A. Fumerton, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001<br><br>***Counsel for Defendants*** |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ __, 2021, at __:__ _.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, Courtroom 11A, 500 Pearl St, New York, NY 10007. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will issue a press release notifying Settlement Class Members, and the Claims Administrator will update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Hearing.

**18.    Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.    What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be

12

EXHIBIT A-1

part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

If, during the Class Period, you purchased, otherwise acquired, or sold Momo ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased Momo ADSs during such time period; (b) request an electronic copy of the Summary Notice and, within ten (10) days after receiving the Summary Notice, email the Summary Notice or email links to the Notice and Proof of Claim and Release Form to the email address of each beneficial purchaser/owner of Momo ADSs; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt, mail the Postcard Notice directly to the beneficial purchaser/owners of the Momo ADSs. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.05 per name, address and email address provided to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED:                                            BY ORDER OF THE UNITED STATES
                                                       DISTRICT COURT FOR THE
                                                       SOUTHERN DISTRICT OF NEW YORK

13