# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD RUPP and RODRIGO LEAL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG<br><br>    Defendants. | Case No.: 1:19-cv-04433-GBD<br><br><br>CLASS ACTION |

**DECLARATION OF SARAH EVANS CONCERNING:**
**(A) CAFA NOTICE; (B) MAILING OF THE POSTCARD NOTICE;**
**(C) PUBLICATION OF THE SUMMARY NOTICE; AND**
**(D) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1.      I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  SCS was established in April 1999 and has administered over four hundred and fifty (450) class action cases since its inception.  I have over seven years of experience specializing in the administration of class action cases.  I am over 21 years of age and am not a party to the Action.[1]  I have personal knowledge of the facts set forth herein.

**MAILING OF CAFA NOTICE**

2.      At the request of Defendants' Counsel, and separate from our engagement as Claims Administrator, on April 5, 2021, SCS mailed a notice of stipulated class action settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), to the appropriate

---

[1] All capitalized terms not otherwise defined herein have the meanings set forth in the Stipulation of Settlement, dated as of March 23, 2021 (ECF No. 67, the "Stipulation").

federal and state officials, by certified return receipt through the United States Postal Service. The mailing consisted of: (i) a letter regarding the Settlement approved by Defendants' Counsel describing the mailing (the "CAFA Letter"); and (ii) a CD-ROM containing copies of the documents referenced in the CAFA Letter. Attached as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

## MAILING OF POSTCARD NOTICE

3.      Pursuant to the Court's Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, dated March 31, 2021 (ECF No. 71 "Preliminary Approval Order"), SCS was appointed and approved as Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement in this Action.

4.      To provide actual notice to those Persons who purchased the American Depositary Shares ("ADS") of Momo Inc. ("Momo") between April 20, 2015, and May 10, 2019, both dates inclusive ("Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice to potential Settlement Class Members. A true and correct copy of the Postcard Notice is attached as **Exhibit B**.

5.      SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 369 individuals and organizations identified in the transfer agent records provided to SCS by Defendants' Counsel for whom SCS had valid addresses on file. These records reflect persons and entities that purchased Momo ADSs for their own account, or for the account(s) of their clients, during the Class Period. The transfer record mailing to these 369 individuals and entities was completed on April 28, 2021.

6.      In addition to the 369 persons and entities mentioned in the above paragraph, the transfer agent records contained the names, but not the addresses, for 538 potential Settlement Class Members for whom SCS also did not have a valid address on file. SCS continued to perform internet searches to locate current addresses for these 538 potential Settlement Class Members after the initial Postcard Mailing to the 369 individuals and entities mentioned in the above paragraph. To date, SCS has mailed a total of 907 Postcard Notices to potential Settlement Class Members contained on the transfer agent records.

7.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 667 banks and brokerage companies ("Nominee Account Holders"), as well as 572 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On April 15, 2021, SCS caused a letter to be mailed or e-mailed to the 1,239 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that within 10 calendar days from the date of the letter, they either (a) send a Postcard Notice to their customers who may be beneficial purchasers/owners; (b) email an electronic version of the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") or a direct link to the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim and Release Form ("Claim Form", together with the Notice, "Long Notice and Claim Form") supplied by SCS to beneficial purchasers/owners; or (c) provide SCS with a list of the names, mailing addresses, and email addresses, to the extent email addresses were

3

available, of such beneficial owners so that SCS could promptly mail the Postcard Notice or email links to the Long Notice and Claim Form directly to them. A copy of the letter sent to these nominees is attached as **Exhibit C.**

8.      Following these mailings, SCS received additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail a Postcard Notice, and SCS received requests from nominees for Postcard Notices so that the nominees could forward them to their customers. To date, SCS has mailed a total of 202,883 Postcard Notices.[2]

9.      In addition to the Postcard Notices mailed, SCS was notified by one of the Nominee Account Holders that they emailed a total of 89,010 of their customers to notify them of this settlement and to provide either the Summary Notice or to provide a direct links to the Long Notice and Claim Form on the Settlement webpage. Two other Nominee Account Holders provided SCS with the names and email addresses for 6,847 of their clients who were potential Settlement Class Members, and SCS promptly emailed links to the Long Notice and Claim Form to these potential Settlement Class Members. To date, a total of 95,857 emailed notices have been sent for the Settlement. A copy of the Long Notice and Claim Form is attached as **Exhibit D**.

10.     Out of the 202,883 Postcard Notices mailed, 7,586 have returned undeliverable. Of these, the United States Postal Service provided forwarding addresses for 442, and SCS immediately mailed another Postcard Notice to the updated addresses. The remaining 7,172 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 4,374 were re-mailed to updated addresses.

---

[2] Out of the 202,883 Postcard Notices mailed, SCS received 182 requests from potential Settlement Class Members to mail them the Long Notice and Claim Form.

11.     On April 15, 2021, SCS also sent the Depository Trust Company ("DTC") a Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS"). LENS enables DTC participants to search and to download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.

## PUBLICATION OF THE SUMMARY NOTICE

12.     Pursuant to the Preliminary Approval Order, SCS caused the Summary Notice to be published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on April 26, 2021. The confirmations of publication are included as **Exhibit E** hereto**.**

## TOLL-FREE PHONE LINE

13.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement and/or request a Long Notice and Claim Form. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

14.     On April 15, 2021, SCS established a webpage for the Settlement on its website at www.strategicclaims.net/momo.  The webpage is accessible 24 hours a day, 7 days a week.  The webpage contains the current status of the case; the deadlines for the case; the online claim filing link; important documents such as the Long Notice and Claim Form, the Preliminary Approval Order, and the Stipulation and exhibits.

## REPORT ON EXCLUSIONS AND OBJECTIONS

15.     The Long Notice, Summary Notice, Postcard Notice, and the Settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed

to SCS such that they are received no later than July 8, 2021.  SCS has been monitoring all mail delivered for this case.  As of the date of this Declaration, SCS has received four requests for exclusion, all of which are invalid.  Three exclusion requests – from Robert Weise, Edward Subjek, and William Hardwick – do not provide the required information and documentation (*e.g.* the dates on which they purchased Momo ADSs) to be valid exclusions. SCS has informed each of the three individuals that their requests for exclusion are invalid unless they provide the required information. To date, none has submitted the requested information to SCS.  As such, their membership in the Settlement Class cannot be ascertained; accordingly, their requests for exclusion are invalid.  The other exclusion request is filed by an individual, Lijiao Liu, who would have no recognized losses, as Liu purchased and sold Momo ADSs within the same inflation period (*i.e.* this individual bought and sold Momo ADSs before the alleged revelation of any fraud). Because the definition of the Settlement Class specifically excludes those with no compensable losses, Lijiao Liu is not a member of the Settlement Class. A copy of the exclusion requests and our correspondence is included as **Exhibit F** hereto.

16.     According to the Long Notice, Summary Notice, Postcard Notice, and Settlement webpage, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs are required to submit their objection in writing such that the request is received by Lead Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than July 8, 2021.  As of the date of this Declaration, SCS has neither received any objections nor been notified that Lead Counsel has received any objections.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of July 2021, in Media, Pennsylvania.

Sarah Evans

_____

Sarah Evans

**EXHIBIT A**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
+1 212-735-3902
DIRECT FAX
+1 917-777-3902
EMAIL ADDRESS
ROBERT.FUMERTON@SKADDEN.COM

April 5, 2021

**VIA MAIL**

The Honorable Merrick B. Garland
Attorney General of the United States of America
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20520-00001

The Honorable Allison Herren Lee
Acting Chair
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-0330

The State Attorneys General (identified in Exhibit A hereto)

RE:    **CAFA Notification of Settlement in *Marchand v. Momo, Inc., et al.*, Civ. No. 1:19-cv-04433-GBD (S.D.N.Y.)**

Dear Sir/Madam:

Momo, Inc., Yan Tang, and Jonathan Xiaosong Zhang (all, collectively, "Settling Defendants") are defendants in the above-referenced action, which was brought on behalf of all persons who purchased or otherwise acquired the American Depository Shares ("ADS") of Momo Inc. between April 20, 2015 and May 10, 2019, both dates inclusive. The Settling Defendants hereby notify you, pursuant to the notice provision of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, *et seq.*, of the proposed settlement between plaintiffs and the Settling Defendants in the above-referenced action (the "Settlement").

April 5, 2021
Page 2

The following documents associated with the above-referenced action and the Settlement are enclosed on a CD:

Exhibit 1:     Class Action Complaint, *Marchand v. Momo, Inc., et al.,* Civ. No. 1:19-cv-04433-GBD (S.D.N.Y.) (ECF No. 1) and related exhibits

Exhibit 2:     Amended Class Action Complaint for Violations of the Federal Securities Laws, *Marchand v. Momo, Inc., et al.,* Civ. No. 1:19-cv-04433-GBD (S.D.N.Y.) (ECF No. 35) and related exhibit

Exhibit 3:     Stipulation of Settlement

Exhibit 4:     [Proposed] Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement

Exhibit 5:     Notice of Pendency and Proposed Settlement of Class Action

Exhibit 6:     Summary Notice of Pendency and Proposed Class Action Settlement

Exhibit 7:     Postcard Notice of Pendency and Proposed Class Action Settlement

Exhibit 8:     Proof of Claim and Release Form

Exhibit 9:     [Proposed] Order and Final Judgment

Exhibit 10:    Order dated March 29, 2021, *Marchand v. Momo, Inc., et al.,* Civ. No. 1:19-cv-04433-GBD (S.D.N.Y.) (ECF No. 70)

Exhibit 11:    Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, *Marchand v. Momo, Inc., et al.,* Civ. No. 1:19-cv-04433-GBD (S.D.N.Y.) (ECF No. 71)

The parties also contemporaneously agreed to a confidential Supplemental Agreement, which is referenced in the Stipulation of Settlement and which was not filed with the Court.  As described in the Stipulation of Settlement, and as is customary in securities class action settlements, the purpose of the confidential Supplemental Agreement is to provide the Settling Defendants with the option to terminate the Settlement if timely requests for exclusion from the class are submitted

April 5, 2021
Page 3

by eligible class members who/that meet the conditions set forth in the Supplemental Agreement. The Supplemental Agreement remains confidential and has not been included with the enclosed materials.

No final judgment or notice of dismissal has been issued as of the date of this letter. A hearing for final approval of the Settlement is scheduled for July 29, 2021 at 11:00 a.m. in Courtroom 11A, 500 Pearl Street, New York, New York 10007 before the Honorable George B. Daniels. Filings in the above-referenced action are posted on the website for the United States District Court for the Southern District of New York, which may be accessed at https://ecf.nysd.uscourts.gov/cgi-bin/login.pl.

Pursuant to 28 U.S.C. § 1715(b)(7), the Settling Defendants state that it is not feasible at this time to provide the names of individual class members who reside in each state, or the estimated number of class members residing in each state, or the proportionate share of the claims of such members to the entire settlement.

This letter notice is submitted on behalf of all Settling Defendants. This notice and the accompanying materials are intended to satisfy any and all notification obligations that the Settling Defendants have pursuant to CAFA with respect to the above-captioned matter. If you have any questions about this notice, the lawsuit, or the enclosed materials, please contact me by telephone at (212) 735-3902 or by e-mail at Robert.Fumerton@skadden.com.

Sincerely,

Robert A. Fumerton

Encls.

## Exhibit A

Steve Marshall
Office of the Attorney General
PO Box 300152
Montgomery, AL 36130-0152

Treg R. Taylor
State of Alaska Department of Law Attorney
General
PO Box 110300
Juneau, AK 99811-0300

Mark Brnovich
Arizona Attorney General
2005 N Central Ave
Phoenix, AZ 85004-2926

Leslie Rutledge
Arkansas Attorney General
323 Center St
Suite 200
Little Rock, AR 72201-2610

Matt Rodriquez
Attn: CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave Suite 11000
San Francisco, CA 94102

Phil Weiser
Attorney General
1300 Broadway
10th Fl
Denver, CO 80203

William Tong
Office of the Attorney General
55 Elm St
Hartford, CT 06106

Kathy Jennings
Attorney General
Carvel State Office Bldg.
820 N. French St.
Wilmington, DE 19801

Ashley Moody
Florida Office of the Attorney General
The Capitol
PL 101
Tallahassee, FL 32399-1050

Chris Carr
Attorney General of Georgia
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334-1300

Clare Connors
Department of the Attorney General
425 Queen St.
Honolulu, HI 96813

Lawrence Wasden
Office of the Attorney General
700 W. Jefferson St
PO Box 83720
Boise, ID 83720-1000

Kwame Raoul
Illinois Attorney General
100 W. Randolph St
Chicago, IL 60601

Todd Rokita
Office of the Indiana Attorney General
302 W Washington St
5th Floor
Indianapolis, IN 46204

Tom Miller
Office of the Attorney General
1305 E Walnut St
Des Moines, IA 50319

Derek Schmidt
Attorney General
120 SW 10th Ave., 2nd Fl.
Topeka, KS 66612-1597

Daniel Cameron
Office of the Attorney General
700 Capitol  Ave
Capitol Building, Ste. 118
Frankfort, KY 40601

Aaron Frey
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333

Maura Healey
Attorney General
1 Ashburton Pl.
Boston, MA 02108-1698

Keith Ellison
Office of the Attorney General
1400 Bremer Tower
445 Minnesota St.
St. Paul, MN 55101-2131

Eric Schmitt
Missouri Attorney General
PO Box 899
Jefferson City, MO 65102

Doug Peterson
Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68509

Jane Young
Office of the Attorney General
NH Department of Justice
33 Capitol St.
Concord, NH 03301-6397

Hector Balderas
Office of the New Mexico Attorney General
PO Drawer 1508
Santa Fe, NM 87504-1508

Jeff Landry
Office of the Attorney General
PO Box 94095
Baton Rouge, LA 70804-4095

Brian Frosh
Maryland Attorney General
200 St. Paul Pl.
Baltimore, MD 21202-2202

Dana Nessel
State of Michigan Attorney General
G. Mennen Williams Building, 7th Fl
525 W Ottawa St.
PO Box 30212
Lansing, MI 48909

Lynn Fitch
Office of the Attorney General State of
Mississippi
PO Box 220
Jackson, MS 39205

Austin Knudsen
Montana Department of Justice Attorney
General
PO Box 201401
Helena, MT 59620-1401

Aaron Ford
Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701

Gurbir S. Grewal
Office of the Attorney General
Richard Hughes Justice Complex
25 Market Street
PO Box 080
Trenton, NJ 08625-0080

Letitia James
Attorney General
Office of the Attorney General
The Capitol
Albany, NY 12224

Josh Stein
North Carolina Department of Justice
Attorney General
9001 Mail Service Center
Raleigh, NC 27699

Dave Yost
Ohio Attorney General
30 E Broad St, 14th Floor
Columbus, OH 43215

Ellen Rosenblum
Oregon Department of Justice Attorney
General
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301

Peter Neronha
Office of the Attorney General
150 S Main St.
Providence, RI 02903

Jason Ravnsborg
Office of the Attorney General
1302 E Hwy 14, Suite 1
Pierre, SD 57501-8501

Ken Paxton
Attorney General of Texas
PO Box 12548
Austin, TX 78711-2548

T. J. Donovan
Office of the Attorney General
109 State St.
Montpelier, VT 05609-1001

Bob Ferguson
Washington State Office of the Attorney
General
1125 Washington St. SE
PO Box 40100
Olympia, WA 98504-0100

Josh Kaul
Wisconsin Department of Justice Attorney
General
State Capitol, Ste 114 E
PO Box 7857
Madison, WI 53707-7857

Wayne Stenehjem
North Dakota Attorney General
State Capitol
600 E Boulevard Ave., Dept. 125
Bismarck, ND 58505-0040

Mike Hunter
Oklahoma Office of the Attorney General
313 NE 21st St.
Oklahoma City, OK 73105

Josh Shapiro
Pennsylvania Attorney General
16th Floor, Strawberry Sq.
Harrisburg, PA 17120

Alan Wilson
South Carolina Attorney General
PO Box 11546
Columbia, SC 29211-1549

Herbert H. Slatery, III
Office of the Attorney General
PO Box 20207
Nashville, TN 37202

Sean Reyes
Office of the Attorney General
PO Box 142320
Salt Lake City, UT 84114-2320

Mark Herring
Attorney General of Virginia
900 E Main St
Richmond, VA 23219

Patrick Morrisey
Office of the West Virginia Attorney General
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV 25305

Bridget Hill
Wyoming Attorney General
Pioneer Building, 4th Floor
2424 Pioneer Avenue
Cheyenne, WY 82002

Karl A. Racine
Office of the Attorney General
441 4th St, NW
Suite 1100S
Washington, DC 20001

Denise N. George
Attorney General
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, VI 00802

Office of the Attorney General
Republic of the Marshall Islands
P.O. Box 890
Majuro, MH 96960

Edward Manibusan
Attorney General
Administration Building
P.O. Box 10007
Saipan, MP 96950-8907

Palau Office of the Attorney General
Ministry of Justice
P.O. Box 1365
Koror, PW 96940

Domingo Emanuelli
Puerto Rico Attorney General
PO Box 9020192
San Juan, PR 00902-0192

Leevin Camacho
Attorney General
ITC Building
590 S. Marine Corps Dr
Suite 706
Tamuning, Guam 96913

Fainu'ulelei Alailima-Utu
Office of the Attorney General
American Samoa Gov't, Exec. Ofc. Bldg
Utulei
Territory of American Samoa
Pago Pago, AS 96799

Office of the Secretary
Department of Justice of Micronesia
P.O. Box PS 105
Palikir, Pohnpei, FM 96941

Filed 07/01/21 **EXHIBIT B** P

Document 76-1

v-04433-GBD



**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*You may be entitled to a payment. This notice may affect your legal rights.*

*Please read it carefully.*

Momo Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St.
Suite 205
Media, PA 19063

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

*Marchand v. Momo Inc., et al.;* Case No. 1:19-cv-04433 (S.D.N.Y.)
*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

The United States District Court for the Southern District of New York (the "Court") has preliminarily approved a proposed settlement of claims against Momo Inc. ("Momo") and certain of its officers in the above-referenced action. The proposed settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made material misrepresentations to the public about Momo's business, causing damage to Settlement Class Members. Defendants deny any wrongdoing.

You received this notice because you may have purchased Momo's American Depositary Shares ("ADSs") between April 26, 2015 and May 10, 2019, both dates inclusive. The Settlement dismisses and releases claims against Defendants and creates a fund consisting of $5,000,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). For a full description of the settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Momo. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Momo Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/Momo. PROOFS OF CLAIM ARE DUE BY JULY 8, 2021 TO: MOMO INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063 or submitted electronically at www.strategicclaims.net/Momo. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 8, 2021. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by July 8, 2021. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing in this case on July 29, 2021 at 11:00 a.m. at the Court, 500 Pearl St, Courtroom 11A, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to 1/3 (one-third) of the Settlement Fund in attorneys' fees, plus up to $65,000 in expenses, and Award to Plaintiffs of no more than $15,000 for litigating the case and negotiating the Settlement. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

**EXHIBIT C**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

April 15, 2021

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED AMERICAN DEPOSITARY SHARES ("ADS") OF MOMO INC. ("MOMO" OR THE "COMPANY") DURING THE PERIOD FROM APRIL 20, 2015 THROUGH MAY 10, 2019, BOTH DATES INCLUSIVE AND IF YOU PURCHASED THE ADSS AT A PRICE GREATER THAN $27.93 PER ADS.

Excluded from the Settlement Class are Defendants; the present former officers and directors of Momo at all relevant times; members of such excluded persons' immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendants, or any excluded person, has or had a majority ownership interest at any time.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *Momo Inc. Securities Litigation*<br>Case No.: 1:19-cv-04433-GBD<br>Claim Filing Deadline: July 8, 2021<br>Exclusion Deadline: July 8, 2021<br>Objection Deadline: July 8, 2021<br>Settlement Hearing: July 29, 2021 | Cusip Number: 60879B107 |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE</u>

Please comply in one of the following ways:
1.  If you have no beneficial purchasers/owners, please so advise us in writing; or
2.  **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the Summary Notice or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3.  Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notice you have ten (10) calendar days to mail them; or
4.  Request a copy of the Summary Notice or a link to the Long Notice and Proof of Claim in electronic format and advise us that you will be emailing to your beneficial purchasers/owners within ten (10) days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.05 per email if you email the Notice** OR
- **$0.05 per name and address or email address** if you are providing us the records OR
- **$0.05 per name and address, including materials, plus postage at the current postcard rate used by the Claims Administrator if** you are requesting postcards and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim Form and Release Form and all the important documents are available on our website at www.strategicclaims.net/Momo. You can also request a copy via email at info@strategicclaims.net.
Thank you for your prompt response.

Sincerely,

Claims Administrator
Momo Inc. Securities Litigation

EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD RUPP and RODRIGO LEAL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG <br><br> Defendants. | Case No.: 1:19-cv-04433-GBD <br><br><br> CLASS ACTION |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased the American Depositary Shares ("ADSs") of Momo Inc. ("Momo" or the "Company") during the period from April 20, 2015 through May 10, 2019, both dates inclusive ("Class Period"), you could get a payment from a class action settlement (the "Settlement") only if you purchased ADSs during the Class Period at a price greater than $27.93 per ADS. ADSs purchased at a price less than $27.93 per ADS will not get a payment from the Settlement.

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide five million dollars ($5,000,000) (the "Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Momo ADSs during the Class Period.

- The Settlement represents an estimated average recovery of $0.057 per ADS for the approximately 88.5 million Momo ADSs outstanding during the Class Period. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Momo ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- Lead Counsel will ask the Court to award attorneys' fees in an amount not to exceed 1/3 (one-third) of the Settlement Fund ($1,666,666.67), reimbursement of no more than $65,000 in litigation expenses, and a total case contribution award to Plaintiffs not to exceed $15,000. Collectively, the attorneys' fees and expenses and Plaintiffs' award are estimated to average $0.02 per Momo ADS outstanding during the Class Period. If approved by the Court, these amounts will be paid from the Settlement Amount.

- The average approximate recovery, after deduction of attorneys' fees and expenses approved by the Court, is $0.037 per Momo ADS outstanding during the Class Period. This estimate is based on the assumptions set forth in the preceding paragraphs. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Momo ADSs, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether Defendants failed to disclose material related party transactions, and whether Defendants mispresented Momo's content moderation procedures and capabilities. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever. Defendants have also denied, among other things, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were

1

harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | Fill out the attached Proof of Claim and Release Form and submit it no later than **July 8, 2021**. **This is the only way to get a payment.** |
| **Exclude Yourself from the Class** | Submit a request for exclusion no later than **July 8, 2021.** This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than **July 8, 2021** about why you do not like the Settlement. You can still submit a Proof of Claim and Release Form. If the Court approves the Settlement, you will be bound by it. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on **July 29, 2021**. You can still submit a Proof of Claim and Release. If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Action.** |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or the Settlement should be directed to:

| | | |
|---|---|---|
| Momo Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: (866) 274-4004<br>Fax: (610) 565-7985<br>info@strategicclaims.net | **or** | Laurence Rosen, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Ave, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>info@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated March 23, 2021 (the "Settlement Stipulation").

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**
   You or someone in your family may have purchased Momo ADSs during the period from April 20, 2015 through May 10, 2019, both dates inclusive.

2

**2.  What is this lawsuit about?**

The case is known as *Marchand v. Momo Inc., et al.,* 1:19-cv-04433-GBD (the "Action"). The Court in charge of the case is the United States District Court for the Southern District of New York.

The Action involves allegations that Defendants made materially false statements and omissions to the public. Specifically, the Complaint alleges that Defendants failed to disclose Momo's transactions with Beijing Mushang Culture Media Company Limited as related party transactions.  The Complaint also alleges that Defendants misrepresented Momo's content moderation procedures and capabilities. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any of the Released Parties, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member.

**3.  Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.  Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations or the average amount of damages per ADS, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether Defendants made any allegedly misleading statements or omissions; (2) whether Defendants acted knowingly or were grossly reckless in making the alleged misrepresentations; (3) whether the alleged disclosures corrected the alleged misrepresentations; (4) whether the alleged misrepresentations caused any loss in the value of Momo ADSs; and (4) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Defendants. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to show that Defendants made materially false statements or omitted to disclose material facts, that the alleged misstatements and omissions actually caused the Settlement Class any damages and the amount of damages, if any, and the financial condition of the Company.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal, Plaintiffs might not be able to collect any of any judgment they are awarded.

**5.  How do I know if I am part of the Settlement?**

The Settlement Class consists of all persons and entities who purchased Momo ADSs from April 20, 2015 through May 10, 2019, both dates inclusive, subject to the exclusions in Question 6 below.

**6.  Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are Defendants; the present and former officers and directors of Momo at all relevant times; members of such excluded persons' immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any excluded person, has or had a majority ownership interest at any time.  You are also excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Momo ADSs or otherwise suffered no compensable damages during the Class Period. You may choose to be excluded from the Settlement Class by filing a valid and timely request for exclusion as described below in the response to Question 11.

**7.  I am still not sure whether I am included.**

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866)

3

274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985; visit the website www.strategicclaims.net/Momo; or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

8. **What does the Settlement provide?**
   a. **What is the Settlement Fund?**
   The proposed Settlement provides for Defendants and/or their insurers to pay five million dollars ($5,000,000) into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and any award to Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing and/or emailing notices and the costs of publishing notices. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

   b. **What can you expect to receive under the proposed Settlement?**
   Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed by all Settlement Class Members; (ii) the dates you purchased and sold Momo ADSs; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and award to Plaintiffs.

   The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Momo ADSs was artificially inflated during the Class Period, and that certain subsequent disclosures caused reductions in the inflated price of Momo ADSs. Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Momo.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled

4

to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice & Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel and approved by the Court.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I) For Momo ADSs purchased between April 20, 2015 and May 9, 2019, inclusive, the Recognized Loss shall be calculated as follows:

    A.  For ADSs retained at the end of trading on August 7, 2019, the Recognized Loss shall be the lesser of:

        (i)  $3.62 per ADS; or

        (ii)  the difference between the purchase price per ADS and $31.92 per ADS[1].

    B.  For ADSs sold on or before May 9, 2019, the Recognized Loss per ADS shall be $0.

    C.  For ADSs sold between May 10, 2019 and August 7, 2019, inclusive, the Recognized Loss shall be the lesser of:

        i)  $3.62 per ADS: or

        ii)  the difference between the purchase price per ADS and the average closing price per ADS as of date of sale provided in table A below.

II) For Momo ADSs purchased on May 10, 2019 the Recognized Loss per ADS shall be $0.

| Table A | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 5/10/2019 | $28.97 | $28.97 | | 6/11/2019 | $31.89 | $28.63 | | 7/11/2019 | $34.28 | $31.26 |
| 5/13/2019 | $27.83 | $28.40 | | 6/12/2019 | $31.61 | $28.76 | | 7/12/2019 | $34.44 | $31.34 |
| 5/14/2019 | $28.81 | $28.54 | | 6/13/2019 | $31.67 | $28.89 | | 7/15/2019 | $34.39 | $31.40 |
| 5/15/2019 | $29.88 | $28.87 | | 6/14/2019 | $31.03 | $28.97 | | 7/16/2019 | $33.69 | $31.45 |
| 5/16/2019 | $29.61 | $29.02 | | 6/17/2019 | $30.88 | $29.04 | | 7/17/2019 | $32.30 | $31.47 |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $31.92 per ADS was the mean (average) daily closing trading price of the Company's common ADSs during the 90-day period beginning on May 10, 2019 and ending on August 7, 2019, inclusive.

5

| Table A (Continued) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 5/17/2019 | $27.92 | $28.84 | | 6/18/2019 | $32.76 | $29.18 | | 7/18/2019 | $33.45 | $31.51 |
| 5/20/2019 | $27.37 | $28.63 | | 6/19/2019 | $32.85 | $29.31 | | 7/19/2019 | $35.06 | $31.59 |
| 5/21/2019 | $27.86 | $28.53 | | 6/20/2019 | $33.81 | $29.47 | | 7/22/2019 | $34.57 | $31.65 |
| 5/22/2019 | $27.37 | $28.40 | | 6/21/2019 | $33.72 | $29.61 | | 7/23/2019 | $35.97 | $31.73 |
| 5/23/2019 | $26.64 | $28.23 | | 6/24/2019 | $34.16 | $29.76 | | 7/24/2019 | $35.67 | $31.81 |
| 5/24/2019 | $26.02 | $28.03 | | 6/25/2019 | $33.31 | $29.87 | | 7/25/2019 | $35.76 | $31.88 |
| 5/28/2019 | $27.31 | $27.97 | | 6/26/2019 | $35.14 | $30.03 | | 7/26/2019 | $34.80 | $31.93 |
| 5/29/2019 | $28.25 | $27.99 | | 6/27/2019 | $36.00 | $30.20 | | 7/29/2019 | $34.38 | $31.98 |
| 5/30/2019 | $28.03 | $27.99 | | 6/28/2019 | $35.80 | $30.36 | | 7/30/2019 | $34.47 | $32.02 |
| 5/31/2019 | $27.57 | $27.96 | | 7/1/2019 | $36.73 | $30.54 | | 7/31/2019 | $33.97 | $32.06 |
| 6/3/2019 | $27.49 | $27.93 | | 7/2/2019 | $36.77 | $30.71 | | 8/1/2019 | $31.74 | $32.05 |
| 6/4/2019 | $29.68 | $28.04 | | 7/3/2019 | $35.24 | $30.83 | | 8/2/2019 | $31.01 | $32.03 |
| 6/5/2019 | $29.60 | $28.12 | | 7/5/2019 | $35.02 | $30.93 | | 8/5/2019 | $29.31 | $31.99 |
| 6/6/2019 | $29.75 | $28.21 | | 7/8/2019 | $34.38 | $31.02 | | 8/6/2019 | $29.59 | $31.95 |
| 6/7/2019 | $30.54 | $28.33 | | 7/9/2019 | $34.58 | $31.11 | | 8/7/2019 | $29.78 | $31.92 |
| 6/10/2019 | $31.57 | $28.48 | | 7/10/2019 | $34.69 | $31.19 | | | | |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in Momo ADSs during the Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Momo ADSs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss. **There is no Recognized Loss for any ADSs purchased during the Class Period at a price per ADS less than $27.93**.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Momo ADSs shall not be deemed a purchase, acquisition or sale of Momo ADSs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. Only publicly traded ADSs are eligible purchases

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases and acquisitions of Momo ADSs during the time period from April 20, 2015 through and including August 7, 2019. There is no Recognized Loss for any ADSs purchased during the Class Period at a price of less than $27.93 per ADS.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

9.  **How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and

Release Form at www.strategicclaims.net/Momo. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Momo **by 11:59 p.m. EST on July 8, 2021**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than July 8, 2021**, to:

Momo Inc. Securities Litigation<br>
c/o Strategic Claims Services<br>
P.O. Box 230<br>
600 N. Jackson St., Ste. 205<br>
Media, PA 19063<br>
Fax: (610) 565-7985<br>
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

10. **What am I giving up to get a payment or stay in the Class?**
    Unless you exclude yourself from the Settlement Class by the July 8, 2021 deadline, you will remain a member of the Settlement Class, receive your share of the Net Settlement Fund if you are an Authorized Claimant and submitted a valid Proof of Claim and Release Form, and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the purchase or acquisition of Momo ADSs during the Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisition, sale or ownership of Momo ADSs during the Settlement Class. The specific terms of the release are included in the Settlement Stipulation.

11. **How do I get out of the Settlement?**
    If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Defendants or other Released Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Marchand v. Momo Inc.,* 1:19-cv-04433-GBD (S.D.N.Y)" and (B) states the number of shares of publicly-traded Momo ADSs that you (i) owned as of the opening of trading on April 20, 2015 and (ii) purchased and/or sold during the Class Period (*i.e.*, from April 20, 2015 through May 10, 2019, inclusive), as well as the date, number of ADSs, and price of each such purchase and sale. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Momo ADSs during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Momo ADS. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be **received no later than July 8, 2021**, to the Claims Administrator at the following address:

Momo Inc. Securities Litigation<br>
c/o Strategic Claims Services<br>
P.O. Box 230<br>
600 N. Jackson St., Ste. 205<br>
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail.**

7

If you properly exclude yourself, you will *not* receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

12. **If I do not exclude myself, can I sue Defendants or the other Released Parties for the same thing later?**
No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue the Defendants or the Released Parties for the claims being released in this Settlement. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

13. **Do I have a lawyer in this case?**
The Court appointed The Rosen Law Firm, P.A. as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided below.

14. **How will the lawyers be paid?**
Lead Counsel have expended considerable time litigating this Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third ($1,666,666.67) of the Settlement Fund plus interest, reimbursement of litigation expenses of no more than $65,000, and an award to Plaintiffs not to exceed $15,000 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15. **How do I tell the Court that I do not like the Settlement?**
You can tell the Court you do not agree with the Settlement, any part of the Settlement, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an award to Plaintiffs, and/or that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Marchand v. Momo Inc., et al.,* 1:19-cv-04433-GBD (S.D.N.Y). Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Momo ADSs during the Class Period; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to **each** of the addresses listed below, to be **received no later than July 8, 2021**:

| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan U.S.<br>Courthouse<br>500 Pearl St<br>New York, NY 10007 | Laurence Rosen, Esq.<br>The Rosen Law Firm, P.A.<br>275 Madison Ave<br>40th Floor<br>New York, NY 10016<br><br>***Lead Counsel*** | Robert A. Fumerton, Esq.<br>Skadden, Arps, Slate, Meagher<br>& Flom LLP<br>One Manhattan West<br>New York, NY 10001<br><br>***Counsel for Defendants*** |
|---|---|---|

8

**16.  What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on **July 29, 2021, at 11:00 a.m.**, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, Courtroom 11A, 500 Pearl St, New York, NY 10007. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Lead Counsel will issue a press release notifying Settlement Class Members, and the Claims Administrator will update its website, on the page dedicated to this Settlement, to include the telephone number or other virtual means to access the Settlement Hearing.

**18.  Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.  What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

If, during the Class Period, you purchased, otherwise acquired, or sold Momo ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name, email address, and last known address of each person or organization for whom or which you purchased Momo ADSs during such time period; (b) request an electronic copy of the Summary Notice and, within ten (10) days after receiving the Summary Notice, email the Summary Notice or email links to the Notice and Proof of Claim and Release Form to the email address of each beneficial purchaser/owner of Momo ADSs; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt, mail the Postcard Notice directly to the beneficial purchaser/owners of the Momo ADSs. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to $0.05 per name, address and email address provided to the Claims Administrator; up to a maximum of $0.05 per Postcard Notice mailed by you, plus postage at the pre-sort rate used by the Claims Administrator; or $0.05 per notice sent by email. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: MARCH 31, 2021                    BY ORDER OF THE UNITED STATES DISTRICT
                                         COURT FOR THE SOUTHERN DISTRICT OF
                                         NEW YORK

9

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission:  July 8, 2021**

IF YOU PURCHASED THE AMERICAN DEPOSITARY SHARES ("ADSs") OF MOMO INC. ("MOMO" OR THE "COMPANY") FROM APRIL 20, 2015 THROUGH MAY 10, 2019, BOTH DATES INCLUSIVE ("CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS, BUT ONLY IF YOU PURCHASED ADSs AT A PRICE GREATER THAN $27.93 PER ADS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. NO SETTLEMENT BENEFIT WILL BE AWARDED IF YOU PURCHASED ADSs AT A PRICE LESS THAN $27.93 PER ADS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ONJULY 8, 2021 AT WWW.STRATEGICCLAIMS.NET/MOMO.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN JULY 8, 2021 TO THE CLAIMS ADMINISTRATOR, STRATEGIC CLAIMS SERVICES, AT THE FOLLOWING ADDRESS:

Momo Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY JULY 8, 2021 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT, BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

10

**CLAIMANT'S STATEMENT**

1. I (we) purchased Momo ADSs during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase Momo ADSs during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Momo ADS and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of Momo ADSs listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated March 23, 2021 (the "Settlement Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Settlement Class Claims against any of the Released Parties.

9. "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Settlement Class Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

MOMO

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN MOMO INC. ("MOMO") AMERICAN DEPOSITARY SHARES ("ADSs")

**Beginning Holdings:**

A.  State the total number of shares of Momo ADSs held at the close of trading on April 19, 2015 (*must be documented*).  If none, write "zero" or "0."

**Purchases/Acquisitions[2]:**

B.  Separately list each and every purchase or acquisition of Momo ADSs from April 20, 2015 through August 7, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

[2] No Settlement benefit will be awarded for any ADSs purchased during the Class Period at a price less than $27.93 per ADS.

MOMO

**Sales:**

C.  Separately list each and every sale of Momo ADSs from April 20, 2015 through August 7, 2019, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of Momo ADSs held at the close of trading on August 7, 2019 (*must be documented*).

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Settlement Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of Momo ADSs during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

14

MOMO

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date:  _____


**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THANJULY 8, 2021 AND MUST BE MAILED TO:**

Momo Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by July 8, 2021 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form.  Please notify the Claims Administrator of any change of address.

15

Momo Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 15.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:   IBD Weekly
Address:   12655 Beatrice Street
City, State, Zip:   Los Angeles, CA 90066
Phone #:   310.448.6700
State of:   California
County of:   Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for __Momo Inc.__ was printed in said publication on the following date(s):

**APRIL 26, 2021**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __26th__ day of __April__ , __2021__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# Key Financial And Commodity Futures




















## Selected Interest Rates

**Fed Funds Rate:** Rates on overnight loans among financial institutions
**Discount Rate:** Rate charged by Federal Reserve Bank on loans to commercial banks
**3 Month Treasury Bills:** Yield for treasury bills traded on discount basis in secondary market



**Prime Rate:** Rate charged by banks on loans to the most credit-worthy corporations
**Tax-Exempt Bonds:** Yield of the bond buyer 40 municipal bond index

## U.S. Treasury Yield Curve



The yield curve provides a picture of credit market conditions. It depicts the available trade-off between yield and maturity. The chart shown here compares the yield curves for the prior day, month and quarter.

---

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**

RICHARD RUPP and RODRIGO LEAL, individually and on behalf of all others similarly situated,
    Plaintiffs,
  v.
MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG
    Defendants.

Case No. 1:19-cv-04433-GBD

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED THE AMERICAN DEPOSITARY SHARES OF MOMO INC. ("MOMO") FROM APRIL 20, 2015 THROUGH MAY 10, 2019, INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on July 29, 2021, at 11:00 a.m. before the Honorable George B. Daniels, United States District Judge of the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, Courtroom 11A, New York, NY 10007 for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $5,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to 1/3 (one-third) plus interest of the Settlement Amount, reimbursement of expenses of not more than $65,000 and a service payment of no more than $15,000 in total to Plaintiffs, should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated March 23, 2021 (the "Settlement Stipulation"). The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased Momo's American Depositary Shares ("ADSs") during the period from April 20, 2015 through May 10, 2019, both dates inclusive, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Momo ADSs. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by writing to or calling the Claims Administrator: Momo Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (Toll-Free) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. You can also download copies of the Notice and submit your Proof of Claim and Release Form online at www.strategicclaims.net/Momo. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form electronically or postmarked no later than July 8, 2021 to the Claims Administrator, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than July 8, 2021, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than July 8, 2021, by each of the following:

| | | |
|---|---|---|
| Clerk of the Court | Laurence Rosen, Esq. | Robert A. Fumerton, Esq. |
| United States District Court | The Rosen Law Firm, P.A. | Skadden, Arps, Slate, Meagher |
| Southern District of New York | 275 Madison Ave | & Flom LLP |
| Daniel Patrick Moynihan U.S. Courthouse | 40th Floor | One Manhattan West |
| 500 Pearl St | New York, NY 10016 | New York, NY 10001 |
| New York, NY 10007 | **Lead Counsel** | **Counsel for Defendants** |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Laurence Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Ave
40th Floor
New York, NY 10016
Tel: (212) 686-1060
info@rosenlegal.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: MARCH 31, 2021     BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

This announcement is neither an offer to buy nor a solicitation of an offer to sell securities. Such offer is being made solely by the Offer to Purchase provided to shareholders of record and is not being made to, and tenders will not be accepted from or on behalf of, shareholders residing in any state in which making or accepting the offer would violate that jurisdiction's laws. In those jurisdictions where the securities, Blue Sky, or other laws require the offer to be made by a licensed broker or dealer, the offer shall be deemed to be made on behalf of the Purchaser only by one or more registered dealers licensed under the laws of such jurisdiction.

**NOTICE OF OFFER TO PURCHASE FOR CASH:**
**Up to 2,290,076 Shares of common stock of**
**NORTHSTAR HEALTHCARE INCOME, INC. (the "REIT")**
**at a price of $1.31 per Share**
**by: Comrit Investments 1, Limited Partnership (the "Purchaser")**

The Purchaser previously published an announcement of its offer to purchase for cash up to 2,290,076 shares of common stock ("Shares") of the REIT at a price of $1.31 per Share upon the terms and subject to the conditions set forth in the Purchaser's Offer to Purchase and in the related Assignment Form for the offer (which together constitute the "Offer" and the "Tender Offer Documents"), with an original scheduled expiration date of May 31, 2021. The Purchaser has delayed the launch date of the Offer and did not provide holders with the means to tender Shares. The Purchaser is now announcing the Offer to coincide with the Offer's actual launch date, and updating the scheduled expiration date of the Offer to June 30, 2021. THE OFFER AND RELATED WITHDRAWAL RIGHTS EXPIRE AT 11:59 P.M., EASTERN TIME, ON JUNE 30, 2021, UNLESS THE OFFER IS EXTENDED.

The Purchaser is not affiliated with the REIT and is seeking to profit from the Offer. The REIT established an estimated per Share value ("Estimated Per Share Value") of $3.89 as of June 30, 2020. The REIT may publish an update to its Estimated Per Share Value during the period in which this Offer is open. Shareholders should consult the REIT's public filings pursuant to the Securities Exchange Act of 1934, as amended (the "Exchange Act"), for any such updates, which are available at www.sec.gov.

Funding for the purchase of the Shares will be provided through the Purchaser's available cash on hand. The Offer is not being made for the purpose of acquiring or influencing control of the business of the REIT. The Offer will expire at 11:59 p.m., Eastern Time on June 30, 2021, unless and until the Purchaser, in its discretion, shall have extended the period of time for which the Offer is open (such date and time, as it extended the "Expiration Date"). The Purchaser will not provide a subsequent offering period following the Expiration Date. If the Purchaser makes a material change in the terms of the Offer, or if it waives a material condition to the Offer, the Purchaser will extend the Offer and disseminate additional tender offer materials to the extent required by Rule 14d-4(d)(1) and 14d-6(d) under the Exchange Act. The minimum period during which the Offer must remain open following any material change in the terms of the Offer is generally 10 business days to allow for adequate dissemination to shareholders. Accordingly, if prior to the Expiration Date, the Purchaser increases (other than increases of not more than two percent of the outstanding Shares) or decreases the number of Shares being sought, or increases or decreases the consideration offered pursuant to the Offer, and if the Offer is scheduled to expire at any time earlier than the period ending on the tenth business day from the date that notice of such increase or decrease is first published, sent or given to shareholders, the Offer will be extended at least until the expiration of such tenth business day. For purposes of the Offer, a "business day" means any day other than a Saturday, Sunday or federal holiday and consists of the time period from 12:01 a.m. through midnight, Eastern Time. In all cases payment for the Shares purchased pursuant to the Offer will be made only after timely receipt of the Assignment Form or facsimile or telecopy thereof, properly completed and duly executed, with any required signature guarantees, and any other documents required by such Assignment Form and successful transfer of ownership.

Tenders of Shares made pursuant to the Offer are irrevocable, except that shareholders who tender their Shares in response to the Offer will have the right to withdraw their tendered Shares at any time prior to the Expiration Date by sending to Central Trade and Transfer, LLC, an affiliate of Orchard Securities, LLC, Member FINRA/SIPC ("CTT"), a written or facsimile transmission notice of withdrawal identifying the name of the person who tendered Shares to be withdrawn, signed by the same persons and in the same manner as the Assignment Form tendering the Shares to be withdrawn. If tendering shareholders tender more than the number of Shares that the Purchaser seeks to purchase pursuant to the Offer for those Shares, the Purchaser will take into account the number of Shares so tendered and take up and pay for as nearly as may be pro rata, disregarding fractions, according to the number of Shares tendered by each tendering shareholder during the period during which the Offer remains open. The terms of the offer are more fully set forth in the formal Tender Offer Documents which are available from Purchaser at the Purchaser's expense. The Offer contains terms and conditions and the information required by Rule 14d-6(d)(1) under the Exchange Act which are incorporated herein by reference. The Tender Offer Documents also contain important information, including tax information, which should be read carefully before any decision is made with respect to the Offer.

For copies of the Tender Offer Documents, call CTT at 1-800-327-9990, make a written request addressed to 365 S. Garden Grove Lane, Suite 100, Pleasant Grove, Utah 84062, Attn: Comrit Investments 1, Limited Partnership, email to offer@cttauctions.com, or visit www.cttauctions.com/offerdisclosures.

---

## Money Rates

**Prime Rate** ............... **3.25**

Base interest rate charged by major U.S. commercial banks on loans to corporations.

**Fed Funds Target Rate:** ........ **0.00-0.25**

The interest rate at which depository institutions lend reserve balances to other depository institutions overnight on an uncollateralized basis.

**T-Bills:**
1-month yld .................. 0.01
3-month Disc. ............... 0.03

3-month yld ................. 0.03
6-month disc. .............. 0.03
6-month yld ................ 0.03

Treasury Bill (T-Bill) is a short-term U.S. government debt obligation backed by the Treasury Department.

**T-Notes:**
1-year .................. 0.07
2-year .................. 0.16
3-year .................. 0.34
5-year .................. 0.83
7-year .................. 1.56

A Treasury note is a U.S. government debt security with a fixed interest rate.

**T-Bond:**
30-year ................. 2.25

Treasury bonds are fixed-rate U.S. government debt securities.

**Libor:**
3-month ................ 0.18
6-month ................ 0.19

The London Inter-bank Offered Rate, is an interest-rate average calculated from estimates submitted by the leading banks in London.

**Fidelity Cash Reserves:**
7-day avg yld: ................ 0.01

A money market mutual fund from Fidelity Investments that invests in debt securities characterized by short maturities and minimal credit risk.

**Certificates of Deposit Retail**
90 days ..................... 0.07
180 days .................... 0.10

Interest rate paid by dealers for certificates of deposit based on the duration of the security.



**Online Courses**
BY INVESTOR'S BUSINESS DAILY

**FOUNDATIONS OF INVESTING: LEVEL 1**

Learn proven techniques for succeeding in the stock market!

**Investors.com/foundations**

© 2021 Investor's Business Daily, Inc. Investor's Business Daily, IBD and CAN SLIM and corresponding logos are registered trademarks of Investor's Business Daily, Inc.

**Josephine Bravata**

| | |
|---|---|
| **From:** | Sarah Evans <sevans@strategicclaims.net> |
| **Sent:** | Monday, April 26, 2021 8:56 AM |
| **To:** | Josephine Bravata |
| **Subject:** | Fwd: GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |

---------- Forwarded message ---------
From: <donotreply@globenewswire.com>
Date: Mon, Apr 26, 2021 at 8:01 AM
Subject: GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA
To: <sevans@strategicclaims.net>
CC: <sevans@strategicclaims.net>, <lrosen@rosenlegal.com>

1



# Release Distribution Confirmation

# The Rosen Law Firm, P.A. Announces Proposed Class Action Settlement on Behalf of Purchasers of American Depositary Shares of Momo Inc. – MOMO

**Cross time: 04/26/21 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

2

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

--
Sarah Evans
Claims Analyst
Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063
sevans@strategicclaims.net
(866) 274-4004 x 1011

3

IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.

**EXHIBIT F**

## REQUEST FOR EXCLUSION FORM SETTLEMENT CLASS

Marchand v. Momo Inc.
The United States District Court for Southern District of New York
Case NO. 1:19-cv-04433 (S.D.N.Y.)

By signing this form, I confirm that I do not want to be included in the Settlement of the class action lawsuit referenced above.

I understand that by opting out, I am give up my right to receive any payments under the Settlement.

By opting out, I understand that I retain the right to file my own individual lawsuit against Marchand v. Momo Inc.

By providing the following information, I affirm that I want to exclude myself from this class.

Full Name : Lijiao Liu                    Last 4 Digits of My Security Number : █████

Current Mailing Address : ████████████████████████

Phone Number : ████████

████████████████    Payer's Fed ID Number : ████████
Momo Inc. ADR EACH REPR 2 CL A ORD , MOMO , 60879B107

| Action | Quantity | Date Acquired | Date Sold | proceeds | Cost | Loss |
|--------|----------|---------------|-----------|----------|------|------|
| Sale | 200.00 | 05/18/18 | 05/23/18 | 7,816.90 | 8,068.21 | -251.31 |
| Sale | 120.00 | 05/18/18 | 05/23/18 | 4,731.37 | 4,840.93 | -109.56 |

Sign Here : ████████████        Date : 06/17/2021



JUN 2021  PM 7  L

JUN 2 4 2021

To: Momo Inc. Securities Litigation,
c/o Strategic Claims Services.
P. O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

# SUPPORT CENTER
Support Ticket System

05/18/2021 02:22:01 PM

# Ticket #614947

| | | | | |
|---|---|---|---|---|
| **Status** | Replied - Awaiting Reply | | **Name** | William Hardwick |
| **Priority** | Normal | | **Email** | █████████████ |
| **Department** | Claims Administrators | | **Phone** | |
| **Create Date** | 05/14/2021 05:32:07 AM | | **Source** | Email |

| | | | | |
|---|---|---|---|---|
| **Assigned To** | James Facciolla | | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | | **Last Response** | 05/17/2021 02:52:14 PM |
| **Due Date** | 05/15/2021 05:32:07 AM | | **Last Message** | 05/14/2021 05:32:08 AM |

**Ticket Details**

## RE: Momo Class Action [#738159]

**SUPPORT CENTER**
Support Ticket System

05/18/2021 02:22:01 PM

| 05/14/2021 05:32:07 AM RE: Momo Class Action [#738159] | William Hardwick |
|---|---|

Thanks for your reply.

Unless you are able to confirm that we will not incur costs by joining the action and that we are free to leave at any point then unfortunately we will have to opt out.

Many thanks,

Will

**William Hardwick**



**From:** Claims Administrator
**Sent:** 12 May 2021 14:48
**To:** William Hardwick
**Cc:** David Gray ; Fergus Gilmour
**Subject:** Re: Momo Class Action [#738159]

**SUPPORT CENTER**
Support Ticket System

05/18/2021 02:22:01 PM

| 05/17/2021 02:52:14 PM | James Facciolla |
|---|---|

Hello Will,

The class does not incur charges to file claims.

If you are trying to exclude yourself, please follow the directions at the bottom of page seven of the Notice and Claim Form. In this situation you may submit the letter by email so that you will not miss the deadline.

If you have any questions or concerns please contact our office at your earliest convenience.

Thank you.

Final Notice and Claim Form – Momo.pdf (826.1 kb)

# SUPPORT CENTER
Support Ticket System

06/21/2021 01:24:30 PM

# Ticket #826352

| | | | |
|---|---|---|---|
| **Status** | Completed | **Name** | Et Subjek |
| **Priority** | Normal | **Email** | ██████████ |
| **Department** | Claims Administrators | **Phone** | |
| **Create Date** | 06/21/2021 08:24:02 AM | **Source** | Email |

| | | | |
|---|---|---|---|
| **Assigned To** | George Allen | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | **Last Response** | 06/21/2021 09:23:42 AM |
| **Due Date** | 06/22/2021 08:24:02 AM | **Last Message** | 06/21/2021 08:24:03 AM |

## Ticket Details

| **Case:** | Momo |
|---|---|

## SCS Contact Form: Question about a Case



| 06/21/2021 08:24:03 AM SCS Contact Form: Question about a Case | 'Amazon Reply |
|---|---|

**Reason for Contacting Us**

Question about a Case

**Please tell us what case you are inquiring about**

Case No. 1:19-cv-04433 (S.D.N.Y)

**Name**

Edward Subjek

**Email**

██████████

**Phone**

██████████

**Your Question**

I, Edward Subjek wish to exclude mysef from this Settlement. Please acvise what steps I need to take. Could not find how to exclude myself on this website.

# SUPPORT CENTER
Support Ticket System

06/21/2021 01:24:30 PM

| 06/21/2021 09:23:42 AM | George Allen |
|---|---|

Good morning,

Please see the information on p. 7 of the attached Notice/Claim Form ("11. How do I get out of the Settlement?") for detailed instructions on how to exclude yourself from the Settlement.

Please note: **You cannot exclude yourself by telephone or by e-mail.**

If you have any further questions, please feel free to contact our office.

Thank you.

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

Final Notice and Claim Form - Momo.pdf (826.1 kb)

# SUPPORT CENTER
Support Ticket System

06/03/2021 01:08:00 PM

# Ticket #765356

| | | | |
|---|---|---|---|
| **Status** | Completed | **Name** | ▉ |
| **Priority** | Normal | **Email** | ▉ |
| **Department** | Claims Administrators | **Phone** | |
| **Create Date** | 06/01/2021 08:40:02 PM | **Source** | Email |

| | | | |
|---|---|---|---|
| **Assigned To** | George Allen | **Help Topic** | Claims |
| **SLA Plan** | Default SLA | **Last Response** | 06/03/2021 09:07:41 AM |
| **Due Date** | 06/03/2021 07:16:05 PM | **Last Message** | 06/02/2021 07:16:05 PM |

**Ticket Details**

| | |
|---|---|
| **Case:** | Momo |

## SCS Contact Form: Question about a Case

| | |
|---|---|
| 06/01/2021 08:40:03 PM SCS Contact Form: Question about a Case | 'Amazon Reply |

---

**SUPPORT CENTER**
Support Ticket System

06/03/2021 01:08:00 PM

| Reason for Contacting Us |
| --- |
| Question about a Case |

| Please tell us what case you are inquiring about |
| --- |
| Momo |

| Control Number / Mail ID |
| --- |
| 138021 |

| Name |
| --- |
| Robert Weise |

| Email |
| --- |
| ██████████ |

| Phone |
| --- |
| ██████ |

| Your Question |
| --- |
| I received your notice. I do not have the details as to when I purchased or sold the Momo. It seems you have the details since you hav |

**SUPPORT CENTER**
Support Ticket System

06/03/2021 01:08:00 PM

| 06/02/2021 10:01:27 AM | George Allen |
|---|---|

Good morning,

We do not have access to a claimant's personal financial records. You would want to contact your broker/institution to obtain any information and documentation regarding your transactions and holdings during the period.

The pro rata is not known until distribution is made. Please see the details regarding how claims are calculated in the attached PDF/printable copy of the Notice/Claim Form.

If you have any further questions, please feel free to contact our office.


Thank you.


--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

Final Notice and Claim Form - Momo.pdf (826.1 kb)

# SUPPORT CENTER
#### Support Ticket System

06/03/2021 01:08:00 PM

06/02/2021 07:16:05 PM                                                    ████

Please accept this as my written request to be excluded from the class for any of the shares I purchased or held during the period.  It is so gross that plaintiffs want $15,000 and are willing to compel a cost for every shareholder.

Thank you,

Robert Weise

████████████

**From:** Claims Administrator
**Sent:** Wednesday, June 2, 2021 10:01 AM
**To:** ████
**Subject:** Re: SCS Contact Form: Question about a Case [#765356]

---

# SUPPORT CENTER
## Support Ticket System

06/03/2021 01:08:00 PM

| 06/03/2021 09:07:39 AM | George Allen |
|---|---|

Good morning,

Please note, per the terms of the Settlement in the Court-approved Notice attached: **You cannot exclude yourself by telephone or by e-mail.**

To exclude yourself from the Settlement, follow the instructions at the bottom of p. 7 ("11. How do I get out of the Settlement?").

If you have any further questions, please feel free to contact our office.

Thank you.

--
Claims Administrator
Strategic Claims Services
600 N. Jackson St. - Suite 205
Media PA 19063
Phone: 610-565-9202
Fax: 610-565-7985
Toll Free: 1-866-274-4004

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it.  Thank you.*

Final Notice and Claim Form - Momo.pdf (826.1 kb)

Robert Weise

███████████████████

June 5, 2021

Momo Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

Dear Sir or Madam,

Please be advised that I, Robert Weise, on behalf of myself and my minor children, hereby request to be excluded from the Settlement Class in Marchand v. Momo Inc., 1:19-cv-04433-GBD (S.D.N.Y).   Neither myself nor my minor children are responsible for bringing forth this action, and we should not be burdened by plaintiff's counsel with discovery matters or the cost and time related to producing personal and private information covering an expansive period of time.  The burden of discovery to ascertain our holdings of Momo, including purchases and/or dispositions, should NOT be imposed on us when we do not seek to be a part of this litigation.  I am unable under oath without substantial cost, time and effort to produce the information demanded.  Accordingly, for purposes of this exclusion, to the best of my knowledge, I have 1,000 Shares during the relevant period at an average purchase price of $35.00.

My banking and brokerage arrangements are personal and private to me, along with account numbers and relevant dates.  Accordingly, I respectfully decline to provide my personal and private records.  I respectfully request that my privacy not be invaded by an irresponsible plaintiff's counsel seeking to recover less than a single penny per share for shareholders at great cost to the company, Momo, of which I and others continue to be investors.  My relevant contact information is as provided above.

Respecfully,

███████████████

Robert Weise





Momo Inc. Securities Litigation
c/o Strategic Claims Services
PO Box 230
600 N. Jackson St. Ste. 205
Media, PA 19063

JUN 07 2021

190632564 C034

 **Gmail**

**Sarah Evans <sevans@strategicclaims.net>**

# Momo Inc. Securities Litigation Exclusion Request - Documentation Needed

**Sarah Evans** <sevans@strategicclaims.net>      Thu, Jun 10, 2021 at 2:08 PM
To: ▮▮▮▮▮▮▮▮▮▮▮▮
Cc: Josephine Bravata <jbravata@strategicclaims.net>

Good Afternoon, Robert Weise,

We received your letter, dated June 5, 2021, requesting exclusion from the Momo Inc. Securities Litigation.

Please be advised that at this time, the exclusion request does not include information needed to be valid. For the request to be valid, it must contain the following, as specified in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"): the request must state the number of shares of publicly-traded Momo ADSs that you (i) owned as of the opening of trading on April 20, 2015 and (ii) purchased and/or sold during the Class Period (i.e., from April 20, 2015 through May 10, 2019, inclusive), as well as the date, number of ADSs, and price of each such purchase and sale. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of Momo ADSs during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Momo ADS.

The exclusion request currently does not include the date(s) and price(s) of your transactions in Momo ADSs during the Class Period, and it does not include documentary proof of the transactions. This information is needed in order to establish that you are a Settlement Class Member filing a valid exclusion request. Please mail the required information and documentation to our office at the following address so that it is received no later than Thursday, July 8, 2021:

Momo Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

Should you have any questions, please feel free to contact me at your earliest convenience. Copies of the Notice and other settlement documents may be obtained at the website: www.strategicclaims.net/momo/.


Best Regards,


Sarah Evans
**Project Manager**
Strategic Claims Services
600 N Jackson St., Ste. 205
Media, PA 19063
Phone: (866) 274-4004 x 1011
sevans@strategicclaims.net

*IMPORTANT: The information contained in this message is confidential and is intended only for the named addressee(s). If the reader of this message is not an intended recipient (or the individual responsible for the delivery of this message to an intended recipient), please be advised that any re-use, dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please reply to the sender that you have received the message in error and then delete it. Thank you.*