**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: info@rosenlegal.com

*Lead Counsel for Plaintiffs and the Settlement Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD RUPP and RODRIGO LEAL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG<br><br>    Defendants. | Case No. 1:19-cv-04433-GBD<br><br><u>CLASS ACTION</u> |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND <u>AWARD TO PLAINTIFFS</u>**

Lead Plaintiff Richard Rupp and Named Plaintiff Rodrigo Leal ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions: (1) for final approval of the class action settlement; and (2) for an award of attorneys' fees, reimbursement of expenses, and an award to Plaintiffs. Plaintiffs also submit the Supplemental Declaration of Paul Mulholland Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections, dated July 22, 2021 ("Supp. Mulholland Decl."), filed herewith as Exhibit 1, in support of their motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement dated March 23, 2021 (ECF No. 67).

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Plaintiffs, or to opt out of the Settlement Class, was July 8, 2021. To date, not a single objection has been filed (timely or otherwise) and there have been no valid requests for exclusion from any Settlement Class Member. Supp. Mulholland Decl. at ¶¶6-7; *see also* Declaration of Sarah Evans Concerning (A) CAFA Notice; (B) Mailing of the Postcard Notice; (C) Publication of the Summary Notice; and (D) Report on Requests for Exclusion and Objections ("Evans Decl.") (ECF No. 76-1) at ¶¶15-16.

The reaction of the Settlement Class strongly supports approval of the Settlement and the requested attorneys' fees, expenses, and award to Plaintiffs. The Court should enter the [Proposed] Order and Final Judgment (ECF No. 72-1), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 74-1).

## I.      The Lack of Objections Supports Final Approval

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495

F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005); *see also, In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

Here, the Claims Administrator completed a robust, Court-approved notice program that included: mailing and emailing 1,239 letters to Nominee Account Holders and Institutional Groups, mailing 202,883 Postcard Notices to identifiable potential Settlement Class Members, disseminating the Summary Notice electronically over *GlobeNewswire* and in print in the *Investor's Business Daily*, and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Mulholland Decl. at ¶¶3-5; Evans Decl. at ¶¶7, 12. Additionally, one nominee notified the Claims Administrator that it emailed the Notice and Claim Form to 89,010 of its customers. Supp. Mulholland Decl. at ¶3. Two other nominees provided SCS with the names and email addresses of 6,847 of their clients who were potential Settlement Class Members, to whom the Claims Administrator promptly emailed links to the Notice and Claim Form. *Id.* No Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested award to Plaintiffs. *Id*. at ¶7.

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (the reaction

of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted); *In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.").

## II. The Lack of Valid Requests for Exclusions Supports Final Approval

The deadline to opt out of the Settlement was July 8, 2021. The Claims Administrator has not received any valid requests for exclusions from the Settlement. Supp. Mulholland Decl. at ¶6.

As discussed in Plaintiffs' opening papers, the Claims Administrator received four requests for exclusions, all of which were invalid because each requester either: (a) was not a member of the Settlement Class as defined in the Stipulation of Settlement, or (b) did not provide the required information to establish that he or she was a member of the Settlement Class, and failed to respond even after the Claims Administrator informed them that their requests were invalid without such information. *See* Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement (ECF No. 73) at p.10; *see also* Evans Decl. at ¶15. Subsequently, after the July 8, 2021 deadline, the Claims Administrator received an additional, late request for exclusion. Supp. Mulholland Decl. at ¶6. Besides being untimely, this request for exclusion also did not include the required information to show that the requester is a member of the Settlement Class, and the requester has not responded to the Claims Administrator's follow-up inquiry for the required information. *Id.* Accordingly, the untimely request for exclusion is also invalid.

The lack of valid opt-outs from Settlement Class Members strongly supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007)

3

(finding that 34 requests for exclusion in response to the mailing of nearly 400,000 notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

### III. The Number of Claims Filed, and Payout to Settlement Class Members, Demonstrate Robustness of Notice Program and Supports Final Approval

The Claims Administrator has received 26,637 claims to date, of which 6,475 are valid claims. Supp. Mulholland Decl. at ¶9. The valid claims have a total Recognized Loss of $118,552,773 as calculated under the Plan of Allocation. *Id*. The number of valid claims may increase as a result of claimants curing deficiencies in their submitted claims. *Id*. Currently, the percentage of recovery for each valid claimant based on the $5,000,000 Settlement Fund is 4.2%. After deducting the requested attorneys' fee and expenses and award to Plaintiffs, Settlement Class Members who filed valid claims will recover approximately 2.8% of their Recognized Losses, distributed on a *pro rata* basis pursuant to the Plan of Allocation. Given the substantial risk that Plaintiffs might not prevail against Defendant's pending motion to dismiss - in which case the Settlement Class would end up with nothing - and the reality that Defendants are essentially judgement-proof because China does not recognize U.S. judgments, the recovery is a favorable result for Settlement Class Members and supports final approval of the Settlement. *Morris,* 859 F. Supp. 2d at 621 (granting final approval which amounted to 2% of potential recovery). Moreover, the large number of claims submitted demonstrates that the notice program was adequate.

### CONCLUSION

For the reasons stated herein and in Plaintiffs' previously filed memoranda, Plaintiffs respectfully submits that the Court should enter the [Proposed] Order and Final Judgment (ECF No. 72-1), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiffs (ECF No. 74-1).

Dated:  July 22, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence Rosen*

Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Plaintiffs*
*and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Laurence Rosen*
Laurence Rosen