`

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: info@rosenlegal.com

*Lead Counsel for Plaintiffs*
*and the Settlement Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD RUPP and RODRIGO LEAL, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>MOMO INC., YAN TANG, and JONATHAN XIAOSONG ZHANG<br><br>    Defendants. | Case No. 1:19-cv-04433-GBD<br><br>CLASS ACTION |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION**
**FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS**

## I.    INTRODUCTION

On March 31, 2021, the Court entered the Order Granting Plaintiffs' Unopposed Motion for Preliminarily Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 71).

On August 4, 2021, the Court entered the Order and Final Judgment ("Final Judgment") (ECF No. 79).

The Court-appointed Claims Administrator,[1] Strategic Claims Services ("SCS"), has advised Lead Counsel that it has completed all analyses and accounting procedures in connection with the proofs of claim submitted by those persons who responded to the Notice and has determined which of those persons are Authorized Claimants. *See* Declaration of Paul Mulholland Concerning the Results of the Claims Administration Process ("Mulholland Decl.") ¶¶6-7.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Thus, Lead Plaintiff Richard Rupp and Named Plaintiff Rodrigo Leal, by and through Lead Counsel, respectfully request that the Court authorize the distribution of the Net Settlement Amount to the Authorized Claimants.

## II.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, all Claims were to be submitted to the Claims Administrator, online or postmarked no later than July 8, 2021. Preliminary Approval Order ¶21. The Claims Administrator has now finalized its determination of which Claims are authorized and which are ineligible. Mulholland Decl. ¶6-7.

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation of Settlement dated March 23, 2021 (the "Stipulation") (ECF No. 67).

### A.      Properly Documented Claims

SCS identified 6,764 properly documented claims that were received on or before November 9, 2021. Mulholland Decl. ¶7(a). These valid claims represent total Recognized Losses of $120,756,292.54. *Id.* Of these valid claims, 2,327 were filed late. SCS accepted these valid claims. To enable as many Settlement Class Members as possible to participate, Plaintiffs respectfully request that this Court accept these otherwise valid claims that SCS received after the July 8, 2021 deadline but before November 9, 2021, because none has caused a delay to the distribution of the Net Settlement Fund to the Settlement Class, or otherwise prejudiced any Authorized Claimant. *Id.*; *See In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F.Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Plaintiffs respectfully request that the Court approve the 6,764 properly documented claims as listed in Exhibits B-1 and B-2 of the Mulholland Decl.

### B.      Deficient and Ineligible Claims

SCS identified that 491 potential claimants inadequately documented their claims. Mulholland Decl. ¶7(b). For each such inadequately documented claim it received, SCS sent the potential claimants inadequacy notices, advising them of the deficiency and affording them the opportunity to cure the deficiency. *Id.* Of the 491 claims SCS initially identified as deficient, 89 potential claimants have successfully cured the deficiencies. SCS now includes those Settlement

2

Class Members as Authorized Claimants. *Id.* Each of the remaining 402 deficient claimants either failed to respond to the deficiency notice SCS sent or responded with inadequate documentation. *Id.* SCS sent a rejection notice to these inadequate claimants, explaining the reason(s) for their rejection. *Id.* To date, none of these 402 inadequate claimants has objected to or contested SCS's determination. *Id.*

In addition, SCS identified 27,135 claims that it has recommended for complete rejection. Mulholland Decl. ¶7(c). Included in this category are, *inter alia*, claims with shares purchased outside of the Settlement Class Period, claims with no Recognized Losses, duplicate claims, etc. *Id.* Such claimants were sent rejection notices advising them of SCS's determination. *Id*. To date, one ineligible claimant, identified as Claim 2122, contested SCS's determination. *Id.* Claim 2122 is ineligible because, pursuant to the Court-approved Plan of Allocation, shares sold before May 9, 2019 have no recognized loss.[2] *Id.* Plaintiffs respectfully request that the Court confirm SCS's determination of ineligibility.

## III.    DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more (the "Initial Distribution"). Mulholland Decl. ¶¶9(a) and (c). Based on the substantial experience of Lead Counsel and SCS in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or

---

[2] This is because share sold prior to May 9, 2019 were sold before the alleged corrective disclosure entered the market that removed any artificial inflation from the price of Momo's shares.  In other words, shares sold before May 9, 2019 were sold at prices that were still artificially inflated.

reduce future expenses relating to unpaid distributions, Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶9(b).

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution checks. If, however, after six (6) months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so. During the redistribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $10.00 from the second distribution. Mulholland Decl. ¶9(c).

Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. *Id.* At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust, a non-sectarian, nonprofit organization dedicated to investor education. Similar distribution plans, including the selection of the Investor Protection Trust as a *cy pres* recipient, have been repeatedly approved by courts in other securities class actions. *See e.g.*, *In re Patriot National, Inc. Sec. Litig,*, 2021 WL 1040462, at *1-2 (S.D.N.Y. Mar. 18, 2021); *In re Forterra Inc. Sec. Litig.*, 2021 WL 3464255, at *1-2 (N.D. Tex. Aug. 4, 2021).

## IV.    RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, Plaintiffs respectfully request the Court to release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund from any and all claims arising out of such involvement and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to the terms of the Distribution Order. *See In re Patriot National*, 2021 WL 1040462, at *2; *In re Merrill Lynch & Co., Inc. Sec., Derivative and ERISA Litig.*, 2010 WL 11595033 at *2 (S.D.N.Y. Dec. 23, 2010).[3]

## V.    RECORDS RETENTION AND DESTRUCTION

Plaintiffs respectfully request the Court order that: (a) in no less than one (1) year after all distributions of the Net Settlement Fund to the eligible Claimants, the Claims Administrator may

---

[3] *See also In re Miva, Inc.*, 2015 WL 12834962, at *2 (M.D. Fla. Sept. 23, 2015); *In re Friedman's, Inc. Sec. Litig.*, 2009 WL 10671836, at *2 (N.D. Ga. July 23, 2009).

destroy the paper copies of the Claims and all supporting documentation; and (b) in no less than three (3) years after all distributions of the Net Settlement Fund to the eligible Claimants the Claims Administrator my destroy all electronic copies of the Claims and all supporting documentation.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court enter the Class Distribution Order submitted herewith, so that Settlement Class Members who submitted valid claims may receive their *pro rata* share of the Net Settlement Fund.

Dated:  June 27, 2022                                                  Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence Rosen*
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Plaintiffs*
*and the Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Laurence Rosen*
Laurence Rosen